**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ROZELIA BALLARD,

      Plaintiff,

v.

ELANA GAINES, JANEL WINTERS,
NIESHA LAW, CLEO SPRATLEY,
KIA WILLIAMS, and HERBERT
DIXON,

      Defendants.

1:19-cv-16765-NLH-JS

**MEMORANDUM**
**OPINION & ORDER**

---

**APPEARANCES:**

ROZELIA BALLARD
5539 PULASKI AVE.
PHILADELPHIA, PENNSYLVANIA 19144

    Appearing *pro se.*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff Rozelia Ballard ("Plaintiff"), appearing *pro se*, filed a complaint against defendants Elana Gaines, Janel Winters, Niesha Law, Cleo Spratley, Kia Williams, and Herbert Dixon ("Defendants");[1] and

---

[1] The Court notes that Plaintiff may also be attempting to proceed against an entity identified in the complaint as NJDCA, which the Court presumes is the New Jersey Department of Community Affairs ("NJDCA"). Plaintiff includes NJDCA in the caption of her complaint but abandons them in the list of parties to this action. See (ECF No. 1 ("Comp.") at 2) (listing only the individual Defendants as parties to this action). Because the Court cannot determine whether Plaintiff intended to include NJDCA as a proper party to this action, the Court

WHEREAS, Plaintiff suggests that she and her family receive governmental housing assistance and alleges that she "requested to move to NJ for health [reasons] and possible employment" but that NJDCA and its employees - the individual Defendants - failed to adequately assist her with that request.  (Comp. at 3); and

WHEREAS, Plaintiff alleges that in failing to adequately assist her, Defendants violated "HUD, the ADA, and the U.S. Constitution."  (Comp. at 3); and

WHEREAS, Plaintiff further alleges that she and her family were injured by "being forced to remain in [a] hazardous house [despite] being approved to move out" and suffered "mental anguish and emotional distress."  (Comp. at 4); and

WHEREAS, Plaintiff asks the Court to direct "NJDCA to finish the aborted process of [Plaintiff's] transport to NJ with the federally required necessary medical accommodations of separate sleeping for [Plaintiff] as [directed] by physicians." (Comp. at 4); and

WHEREAS, Plaintiff requests protection from "any retaliation in any form from NJDCA employees [and] for punitive

---

encourages Plaintiff to provide clarification on this point in any amended filing submitted in response to this Order.

damages in amounts defined for move in costs, future . . .

injuries sustained as [a] result of NJDCA misconduct, conspiracy

and refusal to give proper due process to [Plaintiff]."  (Comp.

at 4); and

WHEREAS, Plaintiff has filed an application to proceed

without prepayment of fees ("in forma pauperis" or "IFP"

application), and pursuant to 28 U.S.C. § 1915(a)(1), a court

may allow a litigant to proceed without prepayment of fees if

she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal

courts apply § 1915 to non-prisoner IFP applications, Hickson v.

Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept.

of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section

1915(a) applies to all persons applying for IFP status, and not

just to prisoners.") (other citations omitted); and

WHEREAS, on August 20, 2019, this Court granted Plaintiff's

application to proceed IFP, and Ordered the Clerk to file

Plaintiff's complaint.  (ECF No. 3); and

WHEREAS, the screening provisions of the IFP statute

require a federal court to dismiss an action *sua sponte* if,

among other things, the action is frivolous or malicious, or if

it fails to comply with the proper pleading standards, see 28

U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448,

452 (3d Cir. 2013); Martin v. U.S. Department of Homeland

Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is deficient for several reasons; and

WHEREAS, first, and as a threshold matter, the Court is unable to determine the asserted basis for the Court's exercise of subject matter jurisdiction. Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief

4

must contain . . . a short and plain statement of the grounds

for the court's jurisdiction[;]" and

WHEREAS, initially, the Court cannot determine whether

Plaintiff seeks to assert diversity jurisdiction pursuant to 28

U.S.C. § 1332.  Plaintiff does not identify diversity as a basis

for invoking the Court's jurisdiction in her complaint.  See

(Comp. at 2) (suggesting that Plaintiff seeks to invoke subject

matter jurisdiction exclusively on the basis that the United

States Government is a defendant in this action); and

WHEREAS, the United States is not a party to this action;

and

WHEREAS, Plaintiff has not pled the citizenship of any

party;[2] and

---

[2] Plaintiff identifies her address as being in Pennsylvania and
provides New Jersey mailing addresses for Defendants.
Nonetheless, Plaintiff leaves blank the portion of her form-
complaint calling for the "citizenship of each party[.]"  See
(Comp. at 3).  As such, this Court cannot presently determine
whether it may properly exercise diversity jurisdiction in this
action.  To the extent Plaintiff seeks to invoke diversity
jurisdiction, she must plead the citizenship – as opposed to the
place of residency – of all parties.  See Witasick v. Hambrecht,
2013 WL 1222680, at *2 (D.N.J. Mar. 25, 2013) (citing Williamson
v. Osenton, 232 U.S. 604, 614 (1914)) ("[A]n individual may only
have one domicile, and thus may only be a citizen of one state
for diversity jurisdiction purposes.  Residence and domicile are
not the same for legal purposes, as residency alone does not
establish citizenship."); Palazzo ex rel. Delmage v. Corio, 232
F.3d 38, 42 (2d Cir. 2000) ("The citizenship of a natural person
is determined by their domicile, not their residence(s).  That
is because a natural person may have many residences, but only
one domicile.  Domicile is the location of a person's true fixed
home . . . to which, whenever he is absent, he has the intention

5

WHEREAS, Plaintiff has not invoked subject matter jurisdiction on the basis that a federal question exists; and

WHEREAS, the complaint is otherwise void of allegations that would suggest this Court has subject matter jurisdiction; and

WHEREAS, furthermore, Rule 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[;]" and

WHEREAS, while Plaintiff alleges that Defendants violated "HUD, the ADA, and the U.S. Constitution[,]" Plaintiff has not explained the factual basis for such allegations, preventing this Court from adequately screening those claims for viability; and

WHEREAS, Plaintiff has not alleged facts sufficient to show entitlement to relief, simply alleging that Defendants failed to assist her in completing a housing transfer application; and

WHEREAS, while Plaintiff has identified Defendants in the caption of the complaint, Plaintiff fails to explain how each is connected to this action, merely suggesting that they are employees of NJDCA;[3] and

_____

of returning.").

[3] The complaint suggests that Defendants may be targeted in this action for actions or inactions taken in their official capacities as state employees. "The Eleventh Amendment bars suit [against] state officials in their official capacity for

WHEREAS, the Court will grant Plaintiff an opportunity to file an amended complaint to correct the above-referenced deficiencies;

THEREFORE,

IT IS on this ___10th___ day of ___December___, 2019

ORDERED that Plaintiff's complaint is **DISMISSED** in its entirety, **WITHOUT PREJUDICE**, for failing to state a claim on which relief can be granted and for want of subject matter jurisdiction; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend her complaint to properly cure the deficiencies noted above; and it is further

ORDERED that if Plaintiff fails to file an amended complaint within the timeframe allotted, this case will be

---

anything other than injunctive relief unless the state has specifically waived that immunity or Congress has acted to abrogate that immunity under section five of the Fourteenth Amendment." Bethea v. Roizman, No. 11-cv-254-JBS-JS, 2012 WL 2500592, at *9 (D.N.J. June 27, 2012) (citing Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989)). NJDCA is a statutory department within the executive branch of the state of New Jersey and functions as an arm of the state. See Id. (citing N.J.S.A. 52:27D-1). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Id. at 10 (quoting Will, 491 U.S. at 71). Because the allegations against Defendants remain unclear, the Court is presently unable to determine whether Defendants are immune from suit, but nonetheless highlights the issue for the parties' consideration.

dismissed for lack of subject matter jurisdiction and failure to state a claim.  <u>See</u> Fed. R. Civ. P. 12(h)(3).


<table>
<tr><td></td><td> s/ Noel L. Hillman </td></tr>
<tr><td>At Camden, New Jersey</td><td>NOEL L. HILLMAN, U.S.D.J.</td></tr>
</table>